## CITY OF NEW YORK v. McLAIN LINES, Inc.

### THE MAVIS.

### THE ANN MARIE TRACY.

### No. 184.

Circuit Court of Appeals, Second Circuit.

Jan. 3, 1945.

Ignatius M. Wilkinson, of New York City (Herbert B. Lee, of New York City, of counsel), for appellant.

Foley & Martin, of New York City (Christopher E. Heckman, of New York City, of counsel), for appellee McLain Lines, Inc.

Macklin, Brown, Lenahan & Speer, of New York City (Gerald J. McKernan and Anthony M. Menkel, both of New York City, of counsel), for appellee Tracy Towing Line, Inc.

Before CHASE, CLARK, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

■ It is fairly obvious from the record, and it was conceded at the oral argument here, that the findings, filed a month after the oral opinion, were substantially those presented to the trial judge by the proctors for the barge-owner, the successful libellant. On the unfortunate and undesirable character of findings thus made we have often commented, calling attention to the importance of findings because they bind the upper courts unless clearly erroneous and because findings carefully made ensure a painstaking review of the evidence. One such comment, that in United States v. Forness, 2 Cir., 125 F.2d 928, 942, 943, has recently been cited with approval by the Supreme Court. United States v. Crescent Amusement Co., 323 U.S. 173, 65 S.Ct. 254.[2]

■ Perhaps because of the manner of their making, the findings here do not enlighten us as to the crucial fact—as to which the evidence was in conflict—of the distance which separated the ferryboat from the tug when the ferryboat crossed the tugs' bow. In finding that this occurred when the tug was about 500 feet east of O'Brien's stakeboat, the trial judge relied on the testimony of the tug's captain; that testimony, because of its contradictions, inherent improbabilities, and patently biased character, seems to us highly unreliable and

[2] In United States v. Forness, 125 F. 2d at page 943 note 45, we observed that the district judges "are not adequately supplied with law clerks" and added that, "were they so staffed, they would find more time to expend on the important task of fact-finding." Recently Congress has enacted legislation providing for more law clerks. See comment in Stern, Review of Findings of Administrators, Judges and Juries: A Comparative Analysis (1944) 58 Harv. L.Rev. 70, 83, n. 57.

were we free to do so, we would hold that the distance was about a mile. But, accepting the finding, it seems clear that the distance was at least a half mile, and that, at the time, the tug was in water about 25 feet deep. On that basis, we consider "clearly erroneous" the finding that the ferryboat's speed was "excessive under the circumstances." And, considering the distance, we conclude that the ferryboat was not chargeable with a duty to foresee that swells caused by it were likely to strike the barge before they ran out sufficiently to make them harmless. See The Acadia, 2 Cir., 98 F.2d 801. It follows that the decree against the city was erroneous.

As libellant assigned no error with respect thereto, we can consider neither the findings and conclusions that the tug acted properly nor that part of the decree dismissing the libel against the tug.

Reversed and dismissed.

WILBUR, Circuit Judge, dissenting in part.